UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARON WILLIAMS

VERSUS

WINN-DIXIE MONTGOMERY, LLC

CIVIL ACTION

NUMBER 10-837-RET-SCR

## ORDER TO AMEND NOTICE OF REMOVAL

Defendant Winn-Dixie Montgomery, LLC removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Notice of Removal the defendant alleged that the plaintiff is a citizen of the state of Louisiana and it is "a citizen of the State of Florida and is incorporated and maintains it principle place of business in the State of Florida." (Sic)

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

considering the citizenship of all its members.[2] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3]

Defendant's jurisdictional allegations regarding it's citizenship are not sufficient to establish diversity jurisdiction.

Therefore;

IT IS ORDERED that defendant Winn-Dixie Montgomery, LLC shall have 14 days to file an Amended Notice of Removal which properly alleges its citizenship.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, December 17, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).